1  Mark T. Clausen (Calif. SB #196721)
   Law Office of Murray Zatman
2  818-A College Avenue
   Santa Rosa, California 95404
3  Telephone: (707) 542-9700
   Cellular: (707) 235-3663
4  Facsimile: (707) 542-9713
   Email: MarkToddClausen@yahoo.com
5
   Attorneys for Plaintiff Karen Ferguson
6

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAR 1 7 2016

Clerk of the Superior Court
By _____ S. YAMBING
        DEPUTY CLERK

7      **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**

8        (An Unlimited Limited Civil Action and Putative Class Action)

       C I V 5 3 7 8 1 8

9  KAREN FERGUSON,                        Case No. _____

           Plaintiff,                     COMPLAINT
10
   vs.
11
   CACH, LLC; MANDARICH LAW GROUP,
12 LLP; and DOES 1-10,

13         Defendants.

14 _____/

15      Comes now Plaintiff Karen Ferguson who hereby alleges, claims and prays as follows.

16                              **INTRODUCTION**

17      1.  Plaintiff Karen Ferguson (FERGUSON) is an individual over the age of 18 and a

18 resident of the City and County of San Mateo, California.  FERGUSON brings suit against

19 Defendants Cach, LLC (CACH), and Mandarich Law Group, LLP (MANDARICH), for

20 violations of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Civ. Code § 1788

21 *et seq*., Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., and California's

22 Unfair Competition Law (UCL), Business & Professions Code § 17200 *et seq*.

23      2.  The action arises from an underlying limited civil debt collection case that

24 MANDARICH filed and prosecuted on behalf of CACH against FERGUSON in this Court, *Cach,*

25 *LLC, v. Ferguson*, CLJ 525120 ("the underlying collection case").  MANDARICH AND CACH

26 therein alleged FERGUSON's liability for $7.520.27, plus interest, costs and attorney's fees, due

27 for a debt allegedly owed on a credit card account with Wells Fargo Bank which had allegedly

28 been sold and assigned to CACH.   The underlying collection case was filed November 6, 2013

   and voluntarily dismissed on the day of trial on or about September 22, 2015.

## JURISDICTION AND VENUE

3.   The Court has jurisdiction over the parties and venue is appropriate in this Court as Plaintiff resides in the County of San Mateo and the underlying collection case was filed and prosecuted by Defendants in the County of San Mateo resulting in harm to Plaintiff in the County of San Mateo, and Defendants routinely do business in the County of San Mateo by filing and prosecuting debt collection cases and otherwise taking action to collect, and attempt to collect, debts due, or allegedly due, from persons who live in the County of San Mateo.

## PARTIES

4.   Plaintiff FERGUSON is an individual over the age of 18 and a resident of the County of San Mateo, California.  FERGUSON is a "consumer" within the meaning of Civil Code section 1788.2 and 15 U.S.C. § 1692a(3), as she is a natural person who was allegedly obligated to pay a consumer debt owed, or allegedly owed, on a credit card account with Wells Fargo Bank, which debt had allegedly been soled and assigned to Defendant CACH for collection.

5.   Defendant CACH is a business entity, precise form unknown, believed to be a limited liability corporation, which does business throughout the State of California, including the County of San Mateo.  CACH is a debt collector within the meaning of Civil Code section 1788.2(c) and 15 U.S.C. section 1692a(6) because the principal purpose of its business is the collection of debts and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.  CACH attempted to collect the debt allegedly due in the underlying collection case.

6.   Defendant MANDARICH is a law firm and a limited liability partnership which does business throughout the State of California, including the County of San Mateo.  MANDARICH is a debt collector within the meaning of Civil Code section 1788.2(c) and 15 U.S.C. section 1692a(6) because the principal purpose of its business is the collection of debts and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.  On behalf of its client, CACH, Defendant MANDARICH attempted to collect the debt allegedly due in the underlying collection case.

7.   Plaintiff FERGUSON is ignorant of the true names and capacities of the defendants

- 2 -

1   sued herein as Does 1-10, and therefore sues those defendants by such fictitious names.

2   FERGUSON will amend this cross-complaint to allege the true names and capacities of Does 1-

3   10 when ascertained.  FERGUSON is informed and believes and thereon alleges that Does 1

4   through 10 are responsible in some manner for the events and occurrences alleged herein, and that

5   FERGUSON's injuries and damages were proximately caused by Does 1-10.

6   <u>**FACTS**</u>

7       8.  On a precise date unknown, sometime prior to 2008, Plaintiff FERGUSON opened a

8   credit card account through Wells Fargo Bank.  FERGUSON used the account for a period of

9   time and made timely payments on the account.  In approximately 2008, FERGUSON informed

10  Wells Fargo Bank that the account had been compromised and unauthorized charges appeared on

11  the account.  FERGUSON asked that the account be closed.  Wells Fargo informed FERGUSON

12  that the account had been closed.  Unbeknownst to FERGUSON at the time, that information was

13  incorrect and the account remained open.  However, FERGUSON made no further charges on the

14  account and made no further payments on the account, nor did any other person.

15      9.  On November 6, 2013, MANDARICH filed the underlying collection case on behalf of

16  CACH and against FERGUSON alleging FERGUSON's liability for $7.520.27, plus interest,

17  costs and attorney's fees, due for a debt owed allegedly on the credit card account with Wells

18  Fargo Bank which had allegedly been sold and assigned to CACH.   The complaint alleged that

19  within 4 years prior to the filing of the collection case, the Wells Fargo Bank credit card account

20  was open and charges had been made thereon by FERGUSON and payment had come due from

21  her on the account and she had made payments, but had failed to pay the outstanding balance due.

22  In other words, MANDARICH and CACH represented that the underlying collection case had

23  been filed within the maximum 4-year limitations period for debt collection claims based on

24  breach of a written contract, to wit: the credit card agreement.

25      10.  Representing herself, FERGUSON filed an answer denying liability and claiming that

26  she had closed the Wells Fargo Account and was not liable for the debt.   However, FERGUSON

27  did not have copies of the Wells Fargo Account statements needed to prove those defenses.

28      11.  Later in the proceedings in the underlying collection case, FERGUSON retained

- 3 -

1   counsel, the Law Office of Murray Zatman, which associated with attorney Mark T. Clausen to

2   defend the collection case on behalf of FERGUSON.  A notice of substitution of counsel was duly

3   filed and served by mail on MANDARICH as counsel for CACH.

4       12.   A court trial was set for September 22, 2015.   Prior to trial, FERGUSON made

5   demand on CACH for production of documents in accordance with Code of Civil Procedure

6   section 96, which requires the party on whom such a demand has been made to produce, at least

7   10 days prior to trial, all documents which the party intends to offer in evidence at trial.   On

8   behalf of CACH, MANDARICH served a response to the demand which was received by

9   FERGUSON's counsel a short time prior to trial—sometime around September 15-22, 2015.

10   The documents produced had not been previously provided to FERGUSON or her counsel.

11       13.   On review of the documents, FERGUSON and her counsel discovered for the first

12   time that Wells Fargo Bank had not closed the credit card account as had been requested by

13   FERGUSON in approximately 2008.  Instead, Wells Fargo Bank had closed the checking account

14   to which the credit card account was linked for automatic payment withdrawals on a monthly

15   basis as the credit card account came due.   Each month, Wells Fargo Bank's automated computer

16   system had drawn on the checking account to make payment on the credit card account.  Because

17   the checking account was closed, the automated system later reported that the account was

18   overdrawn.  An overdraft charge was automatically billed to the checking account and the

19   payment transaction was automatically reversed with late fees and penalties and cancelled

20   payment fees automatically charged to the credit card account—all by computer without human

21   involvement.  This occurred over and over again for a period of many years, without the

22   knowledge of FERGUSON who was completely unaware of these facts until just prior to trial in

23   the underlying collection case on September 22, 2015.

24       14.   On behalf of CACH, MANDARICH noticed FERGUSON to appear for trial in the

25   underlying collection case.  FERGUSON appeared for trial along with her counsel.

26   MANDARICH did not appear as counsel for CACH.  Instead, as is the rule in limited civil debt

27   collection cases brought by MANDARICH, a local "special appearance" attorney handled the

28   matter, Mr. Brandon Tang.  Mr. Tang frequently makes "special appearances" on behalf of

- 4 -

1  MANDARICH and CACH and countless other debt collectors and collection law firms in cases

2  pending in the Greater Bay Area.

3      15.  The judge in the underlying criminal case ordered the parties and their attorneys to

4  discuss settlement prior to the call of the case for trial.   The parties and their counsel discussed

5  the matter in the hallway outside of the courtroom.   An agent for CACH was present and he

6  represented that he would testify as a witness if the case proceeded.   That individual and attorney

7  Tang falsely represented that the Wells Fargo Bank account remained open for a period of time

8  that brought the collection case within the 4 year limitations period.

9      16.  Those false representations were based on the false claim that FERGUSON had

10  incurred charges on the Wells Fargo Account well into 2013 when the collection case was filed.

11  Those representations were false, as shown by the aforementioned documents that MANDARICH

12  and CACH had produced a short time prior to trial.  The documents plainly showed that

13  FERGUSON had no used the Wells Fargo Account since approximately 2008.  The charges to the

14  account after that date were the result of Wells Fargo Bank's automatic computer system's serial

15  draws on FERGUSON's closed and empty checking account to make monthly payment to the

16  credit card account, which resulted in automatic charges for late fees, penalties and reversed

17  payment transactions because the checking account had no funds.

18      17.  In other words, FERGUSON plainly had not used the credit card account or made

19  payment on the credit card account within the 4 years preceding the filing of the collection case

20  and therefore the collection case was plainly time-barred.   FERGUSON and her attorneys did not

21  know this information until shortly before trial in the collection case.  MANDARICH and CACH,

22  however, had known the information since the day of their filing of the collection case, if not

23  earlier, because they had in their possession and control all of the Wells Fargo Bank records for

24  the credit card and checking accounts.

25      18.  CACH's agent and attorney Tang continued to make settlement demands, despite

26  being shown the Wells Fargo Bank records by FERGUSON's counsel and despite counsel's

27  detailed explanation of what the records showed as described herein-above.   Ultimately, just as

28  the case was being called for trial, CACH's agent and attorney Tang capitulated and agreed to

- 5 -

1    dismiss the case, which they did.

2      19.  FERGUSON and her counsel presume that prior to discussing the matter with

3    CACH's agent and attorney Tang on the morning of trial call, the agent and attorney Tang  were

4    not personally aware that the 4-year statute of limitations had run on the claims against

5    FERGUSON and that MANDARICH and CACH were falsely representing that FERGUSON had

6    charged on the credit card account and had made payments thereon during the 4 years preceding

7    the filing of the action.   Attorney Tang has conducted himself reputably in all interactions with

8    FERGUSON's counsel in the underlying case and countless other debt collection cases, and no

9    claim is herein made that attorney Tang knowingly and intentionally engaged in wrongdoing in

10    the underlying collection case.

11      20.  However, MANDARICH and CACH knew or reasonable should have known of true

12    facts concerning the statute of limitations bar in the debt collection case as described herein-

13    above and should have informed their duly authorized agents (including attorney Tang) of those

14    facts so that the agents would not repeat the false representations in an effort to pressure

15    FERGUSON to settle the collection case.

16      21.  Following the dismissal of the underlying collection case, and prior to the filing of

17    this action, FERGUSON's counsel communicated with MANDARICH via email and expressed a

18    desire to resolve the matter through settlement, and FERGUSON made a firm settlement offer.

19    MANDARICH did not respond to the communications.  This action follows.

20                            **FIRST CAUSE OF ACTION**

21                           **Violation of the Rosenthal Act**

22      22.  The conduct of defendants MANDARICH and CACH as herein-above described

23    constitutes a violation of the Rosenthal Act through false representation of material fact made by

24    MANDARICH and CACH in an effort to collect a debt.

25      23. Specifically, MANDARICH and CACH falsely represented that (1) the underlying

26    collection case was brought within the 4-year limitations period for breach of written contract and

27    related claims to recover the subject debt; (2) FERGUSON had charged on the subject credit card

28    account within 4 years prior to the filing of the collection case; (3) FERGUSON had made

1  payment on the subject credit card account within 4 years prior to the filing of the collection case;

2  (4) the aforementioned facts were shown by the Wells Fargo Bank records for the credit card

3  account and FERGUSON's checking account; (5) If the collection case went to trial, CACH

4  would prevail based on the Wells Fargo Bank records; and (6) FERGUSON should agree to pay

5  money in settlement to avoid greater liability following trial on the merits.

6      24.  In making these false representations in an effort to collect a debt, defendants

7  MANDARICH and CACH committed one or more violations of Civil Code section 1788.17 of

8  the Rosenthal Act (which incorporates by reference various violations of the FDCPA) by

9  violating 15 U.S.C. sections:

10      (1)  1692e(2)(A) – the false representation of the character and legal status the debt.

11      (2)  1692e(5)– the threat to take action that cannot legally be taken to collect a debt.

12      (3)  1692e(10)– the use of false representation or deceptive means to attempt to collect a

13  debt.

14      (4)  1692f– use of unfair or unconscionable means to attempt to collect a debt.

15      25.  Plaintiff FERGUSON was not aware of the true facts, and should not reasonably

16  have been so aware, until September 2015 when she had her counsel reviewed the Wells Fargo

17  Bank records which MANDARICH and CACH had produced in response to FERGUSON's

18  demand for records under Code of Civil Procedure section 96 prior to trial on or about September

19  22, 2015.  This action is filed within 1 year of the date that FERGUSON knew, or should have

20  known, of the falsity of the representations made by MANDARICH and CACH and therefore the

21  Rosenthal Act claim is timely.

22      26. As a result of defendant MANDARICH and CACH's unlawful actions, Plaintiff

23  FERGUSON suffered actual damages in the approximate amount of $5,000 for time spent in

24  defense of the time-barred collection case and for attorney's fees and costs incurred therein and

25  for emotional distress suffered as a result of the filing and prosecution of the action.  Such

26  damages may be recovered pursuant to Civil Code section 1788.30(a).

27      27.  In addition, or in the alternative, under Civil Code section 1788.30(b), FERGUSON

28  is entitled to a statutory penalty in such amount as the court may allow, for each individual

1 violation of the Rosenthal Act by Defendants, which penalty shall not be less than one hundred

2 dollars ($100) nor greater than one thousand dollars ($1,000).

3 **SECOND CAUSE OF ACTION**

4 **Violation of the FDCPA**

5 28. The conduct of defendants MANDARICH and CACH as herein-above described

6 constitutes a violation of the FDCPA through false representation of material fact made by

7 MANDARICH and CACH in an effort to collect a debt.

8 29. Specifically, MANDARICH and CACH falsely represented that (1) the underlying

9 collection case was brought within the 4-year limitations period for breach of written contract and

10 related claims to recover the subject debt; (2) FERGUSON had charged on the subject credit card

11 account within 4 years prior to the filing of the collection case; (3) FERGUSON had made

12 payment on the subject credit card account within 4 years prior to the filing of the collection case;

13 (4) the aforementioned facts were shown by the Wells Fargo Bank records for the credit card

14 account and FERGUSON's checking account; (5) If the collection case went to trial, CACH

15 would prevail based on the Wells Fargo Bank records; and (6) FERGUSON should agree to pay

16 money in settlement to avoid greater liability following trial on the merits.

17 30. The conduct of defendants MANDARICH and CACH as described herein-above

18 constitutes one or more violations of the FDCPA, including 15 U.S.C. sections:

19 1692e(2)(A) – the false representation of the character and legal status the debt.

20 1692e(5)– the threat to take action that cannot legally be taken.

21 1692e(10)– the use of false representation or deceptive means to attempt to collect a debt.

22 1692f– us of unfair or unconscionable means to attempt to collect a debt.

23 31. Plaintiff FERGUSON was not aware of the true facts, and should not reasonably have

24 been so aware, until September 2015 when she had her counsel reviewed the Wells Fargo Bank

25 records which MANDARICH and CACH had produced in response to FERGUSON's demand for

26 records under Code of Civil Procedure section 96 prior to trial on or about September 22, 2015.

27 This action is filed within 1 year of the date that FERGUSON knew, or should have known, of the

28 falsity of the representations made by MANDARICH and CACH and therefore the FDCPA claim

- 8 -

1   is timely.

2       32.  As a result of defendant MANDARICH and CACH's unlawful actions, Plaintiff

3   FERGUSON suffered actual damages in the approximate amount of $5,000 for time spent in

4   defense of the time-barred collection case and for attorney's fees and costs incurred therein and

5   for emotional distress suffered as a result of the filing and prosecution of the action.  Such

6   damages may be recovered pursuant to 15 U.S. 1682k(a)(1).

7       33.  In addition, or in the alternative, under 15 U.S. 1682k(a)(2)(A), Plaintiff FERGUSON

8   is entitled to statutory penalties/damages as the court may allow, which shall not be greater than

9   one thousand dollars ($1,000), for each individual violation of the FDCPA by Defendants.

10

11                   **THIRD CAUSE OF ACTION**

12         **UCL claim under Business and Prof. Code section 17200, *et seq.***

13       34.  The actions of Defendants as described herein-above were undertaken as part of their

14   standard business practices.  Defendants routinely attempt to collect debts which they purchased

15   from Wells Fargo Bank and other financial institutions and business entities and which they

16   falsely represent are subject to collection in California through litigation filed within the

17   maximum 4-year limitations period for debt collection claims.

18       35.  Defendants know, or reasonably should know, that the debt collection claims are

19   time-barred.  Nonetheless, Defendants file limited civil debt collection case in California in an

20   attempt to collect the debt through litigation or settlement.  Usually, Defendants succeed because

21   the alleged debtor is commonly self-represented and is ignorant of the fact that the collection case

22   is time-barred, or because the alleged debtor has retained paid counsel and it is cheaper to settle

23   than to defend the litigation on the merits based on statute of limitations grounds or otherwise.

24       36.  The actions of Defendants are unlawful for the reasons stated in the First and Second

25   Causes of Action for violations of the Rosenthal Act and FDCPA.  Consequently, said Defendants

26   are liable under the UCL for unlawful business practices pursuant to Business & Professions

27   Code section 17200, *et seq.*

28       37.  As the direct and foreseeable result of Defendants' unlawful business practices as

- 9 -

1   manifested in the underlying collection case, Plaintiff FERGUSON suffered injury in fact and has

2   lost money or property so as to have standing to prosecute a UCL claim on a class action basis.

3   Said injury and loss of money or property includes but is not limited to the following:

4          (A)  Lost time and money in defense of the collection case.

5          (B) Emotional distress as the result of the filing and prosecution of the collection case.

6          (C) Incurrence of attorney's fees and costs in defense of the collection case.

7          (D) Negative credit report as the result of the filing and prosecution of the collection case

8   and the failure of Defendants to timely report the dismissal of the collection case making the debt

9   uncollectible.

10         38. The actions of Defendants as described herein occurred within 4 years of the filing of

11  this action and are therefore subject to redress under the UCL.

12         39.  Pursuant Business & Professions Code sections 17200, *et seq*., and upon certification

13  of the UCL claim as a class action, Plaintiff FERGUSON and all others similarly situated are

14  entitled to an injunction prohibiting Defendants from continuing to engage in the unlawful

15  business practices described herein.

16                              **CLASS ACTION ALLEGATIONS**

17         40. Plaintiff is informed and believe and thereon alleges that there is a class of individuals

18  similarly situated to them numbering over 500 who have been subjected to the same or

19  substantially similar conduct by Defendants and who have suffered the same or substantially

20  similar harm as Plaintiff during the 4 year period preceding the filing of this action.

21         41.  Common factual and legal questions predominate and the nature and scope of

22  Defendants' conduct, and the nature and degree of the harm and damage done to Plaintiff and the

23  putative class by Defendants' conduct, is so similar that certification of a class or sub-classes is

24  appropriate with respect to First through Third Causes of Action.

25         42.  While the precise contours of the putative class or sub-classes will be determined

26  when a motion for class certification is filed, for purposes of general pleading the putative class or

27  sub-classes shall include (subject to the applicable limitations periods) all individuals who were

28  named as defendants in a limited civil debt collection case brought by or at behest of Defendants

- 10 -

1   at bar under one or more of the following circumstances:

2       (A) The action was brought outside the maximum 4 year statute of limitations period for

3   debt collection claims.

4       (B) The Defendants falsely represented that the debt collection case was timely-filed

5   within 4 years of the alleged debtor's use of the subject account or payment on said account.

6       (C) The Defendants falsely represented that they had documents which proved that the

7   debt collection case was timely-filed within 4 years of the alleged debtor's use of the subject

8   account or payment on said account.

9       (D) The Defendants falsely represented that if the debt collection case went to trial the

10  Defendants would prevail based on the documents which purportedly provided the debtor's use of

11  the subject account or payment on said account within 4 years of the filing of the collection case.

12      (E) The Defendants falsely represented that it would be in the alleged debtor's best

13  interest to pay money in settlement of the debt collection case rather than lose at trial based on the

14  Defendants tender of the documents which purportedly provided the debtor's use of the subject

15  account or payment on said account within 4 years of the filing of the collection case.

16      43.  Plaintiff is competent to represent the class or sub-classes because Plaintiff is a

17  competent individual over the age of 18 who has been subjected to the same general conduct by

18  Defendants and has suffered the same general harm as the putative class members.

19      44.  Plaintiff's counsel, Mark T. Clausen, is qualified and competent to represent the class.

20  Attorney Clausen has over 20 years of legal experience as a law clerk and attorney and has filed

21  and prosecuted dozens of class actions and taxpayer cases.[1]  Attorney Clausen has 18 published

22  California opinions to his credit to date on various subjects of law, including 2 cases published

23  last year, and has been granted review in 7 cases, including 2 cases which are now pending in the

24  high court. (See *Dane v. City of Santa Rosa*, First Dist., Div. 2, A138355 [non pub. opinion],

25  review granted and case now pending in the Supreme Court; *Thompson v. Petaluma Police*

26  ───────────────────

27      [1] Like a class action, a taxpayer action under Code of Civil Procedure section 526a may be prosecuted by the plaintiff for benefit of the plaintiff and/or other members of the public. (See *Van*

28  *Atta v. Scott* (1980) 27 Cal. 3d 424, 447-450.)

- 11 -

1  *Department* (2014) 231 Cal.App.4th 101; *Wheatherford v. City of San Rafael* formerly at (2014)

2  226 Cal.App.4th 460, review granted and case now pending in the Supreme Court, S219567;

3  *Musaelian v. Adams* (2011) 197 Cal.App.4th 1251; *Alviso v. Sonoma County Sheriff's Dept.* (1st

4  Dist., Div. 2, 2010) 186 Cal.App.4th 198; *Musaelian v. Adams* (2009) 45 Cal.4th 512; *City of Los*

5  *Angeles v. 2000 Jeep Cherokee* (2nd Dist., Div. 1, 2008) 159 Cal.App.4th 1272 [decision on

6  retransfer to the Court of Appeal following grant of review in the Supreme Court]; *O'Connell v.*

7  *City of Stockton* (2007) 41 Cal.4th 1061; *Hernandez v. City of Sacramento,* formerly (3rd Dist.

8  2007) 54 Cal.Rptr.3d 98, depublished on grant of review and affirmed *sub nom* based on

9  *O'Connell, supra,* 41 Cal.4th 1061, appeal dismissed, S151356; *Samples v. Brown* (1st Dist., Div.

10  2, 2007) 146 Cal.App.4th 787; *People v. $17,522.08 U.S. Currency* (6th Cir. 2006) 48 Cal.App.3d

11  519; *O' Connell v. City of Stockton,* formerly (3rd Dist. 2005) 128 Cal.App.4th 831, depublished

12  on grant of review and affirmed by *O'Connell, supra,* 41 Cal.4th 1061; *People v. Ladesma* (2003)

13  106 Cal.App.4th 857; *Smith v. Santa Rosa Police Department* (1st Dist., Div. 3, 2002) 97 Cal.

14  App. 4th 546; *Bjork v. Mason* (2000) 77 Cal.App.4th 544.

15      45.   In accordance with Code of Civil Procedure sections 425.17, subdivision (b) and

16  1021.5, Plaintiff brings this action solely in the public interest.   Plaintiff does not seek any relief

17  greater than or different from the relief sought for the putative class of which she is a member.

18  To the extent anything in the complaint may suggest otherwise, Plaintiff hereby waives the right

19  to seek any relief greater than or different from the relief sought by the putative class, including

20  the nature and amount of damages and statutory penalties to be awarded to Plaintiff and the

21  putative class.

22      46.  The action, if successful, would enforce an important right affecting the public

23  interest and would confer a significant benefit, both pecuniary and nonpecuniary, on the general

24  public and a large class of persons, in that the action would result in enforcement of the Rosenthal

25  Act, FDCPA and UCL for benefit of the putative class, other debtors (or alleged debtors) in

26  collection cases brought by Defendants, and the general public which has a significant interest in

27  enforcement of the Rosenthal Act, FDCPA and UCL.

28      47.  Private enforcement is necessary and places a disproportionate financial burden on

1  Plaintiff in relation to her stake in the matter.  To date, no public agency has pursued relief

2  against Defendants based on the conduct described herein.  Private enforcement is therefore

3  necessary.  Plaintiff's personal stake in the case is minimal as she has requested only $5,000 in

4  actual damages plus $2,000 in statutory penalties, for a maximum recovery of $7,000 and she has

5  agreed to take less in the event that the putative class members recover less because Plaintiff has

6  limited her personal relief to that recovered by the putative class.  The injunctive relief claim

7  under the UCL is not likely to afford Plaintiff any personal benefit at is unlikely that she will

8  again be the subject of a time-barred collection case by Defendants at some point in the future.

9      48.  In contrast to Plaintiff's nominal stake in the outcome of the case, Plaintiff's expenses

10  in connection with the prosecution of the action are sizeable as her attorney's fees and costs will

11  be in excess of $50,000-$100,000 by the time judgment is entered in the case, and the amount of

12  fees and costs will increase significantly if an appeal is taken.  In addition, there is the possibility

13  that Plaintiff may be found liable for defendants' attorney's fees if they prevail in the case.

14  Defendants' fees would likely exceed $50,000-$100,000 in the trial court through entry of

15  judgment, much more if an appeal is taken.

16      49.  At the appropriate time, Plaintiff will move for class certification.

17  ### INAPPLICABILITY OF THE LITIGATION PRIVILEGE

18      50.  The claims asserted by Plaintiff are not subject to the litigation privilege, Civil Code

19  section 47, because such would defeat the rights and remedies provided by the Rosenthal Act and

20  FDCPA and UCL. (See *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th

21  324.)

22  ### PRAYER

23      WHEREFORE, Plaintiff FERGUSON prays for relief as follows:

24      1. For certification of the case as a class action on the First through Third Causes of

25  Action for damages, statutory penalties and injunctive relief,  with FERGUSON as lead class

26  plaintiff and her attorney, Mark T. Clauson, as sole class counsel or lead class counsel.

27      2. For actual damages and statutory penalties on behalf of FERGUSON and the putative

28  class for the Roenthal Act and FDCAP claims asserted in the First and Second Cause of Action.

- 13 -

1         3.  For injunctive relief against Defendants' unlawful and unfair business practices

2  pursuant to the UCL, Business and Professions Code sections 17200, et seq.

3         4.  For costs of suit, including attorney fees and costs pursuant to Code of Civil Procedure

4  sections 1021.5 and 1033.5 and Civil Code section 1788.30(c) and the FDCPA and as otherwise

5  available by law.

6         5.  For such other relief as the law allows and the Court deems just.

7                    Respectfully Submitted,

8  Date:   March 14, 2016       By: *Mark T. Cla*

                        Mark T. Clausen, Esq.

9                       Murray Zatman, Esq.

                 Attorneys for Plaintiff Karen Ferguson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28